No. 2,488.

THE PEOPLE OF THE STATE OF CALIFORNIA, APPELLANTS, *v.* AH OWN, AH SING, AH YOU AND AH GUM, RESPONDENTS.

CRIMINAL PRACTICE. — EFFECT OF AN ORDER SUSTAINING A DEMURRER TO AN IN-DICTMENT. — An order sustaining a demurrer to an indictment is a final judgment in the case, from which an appeal will lie. WALLACE, J., and RHODES, C. J., dissenting.

CRIMINAL PLEADING. — When the offense charged consists of one transaction occurring partly in one county and partly in another, the indictment should state the facts, so as to bring the case within the statute.

IDEM. — When an indictment charges an assault and battery only as a part of or mode of executing a forcible arrest and abduction, it is not subject to the objection that it contains two separate and distinct offenses.

*Per* WALLACE, J., RHODES, C. J., concurring:

CRIMINAL PRACTICE. — ORDER SUSTAINING A DEMURRER TO AN INDICTMENT. — The mere entry of the order sustaining the demurrer to the indictment does not, of itself, constitute a final judgment of the County Court in the sense of Section 481 of the Criminal Practice Act.

APPEAL from the County Court of El Dorado County.

The respondents were indicted in the County Court of El Dorado County. On the trial a demurrer to the indictment was sustained. From the order sustaining the demurrer this appeal is taken by the People.

The other facts are stated in the opinion.

*Jo Hamilton,* Attorney General, for Appellants.

*First*—The facts alleged constitute the crime of kidnapping; the language used is certainly descriptive of the offense and the acts charged do constitute the crime.

"When the indictment alleges all the acts or facts which have been used by the Legislature in defining the particular offense, it is good and sufficient." (*People* v. *Rodriguez,* 10 Cal. 50; *People* v. *Thompson,* 4 *Id.* 238; *People* v. *Martin,* 32 *Id.* 91; *People* v. *Cronin,* 34 *Id.* 191; *People* v. *White, Id.* 183; *People* v. *Saviers,* 14 *Id.* 29; *People* v. *Olivera,* 7 *Id.* 483; *People v. Frank,* 28 *Id.* 607.)

*Second*—Respondents' attorney urges that the indictment charges more than one offense. "The indictment which charges the principal offense and assault with intent to com-

mit the offense, is not demurrable on the ground that it charges two offenses." (*People* v. *Tyler*, 35 Cal. 553–4.)

When the statute, in defining an offense, enumerates a series of acts, either of which, separately or all together, constitute the offense, all such acts may be charged in a single count in the indictment. (*People* v. *Frank*, *supra ;* *People* v. *Martin*, *supra; People* v. *Conner*, 17 Cal. 354; *People* v. *Montejo*, 18 Cal. 38.)

*Third*—It may be argued that the offense charged was committed in the County of Placer, and not in the County of El Dorado. The statutes concerning kidnapping will show that the offense must, in order to be complete, commence in one county and be completed in another, and under the provisions of Article 1675, Section 87, and Article 1676, Section 88, Hittell's Digest, either county had jurisdiction of the offense.

*George A. Blanchard*, for Respondents.

The indictment is ambiguous in meaning, uncertain as to the offense charged, if any, and full of repetitions and surplus matter, confused and blind, even to an experienced advocate.

*First*—It lays the venue in two counties— Placer and El Dorado. The statute concerning kidnapping provides that, if the offense be committed—*i. e.*, if the kidnapped person be taken from one county into another, either county may try the offender ; but by no inference can it mean that every such indictment must contain the absurdity that the offense may be committed in both counties at the same time. One county only can elect to try the offense, and in but one county can the venue be laid.

*Second*—If the indictment charges any offense, it charges two, to wit: assault and battery and kidnapping. The words "did forcibly assault, beat, bruise and ill treat," in the indictment, clearly and unmistakably charge the offense of assault and battery.

The statute (Secs. 53 and 54 of Act concerning crimes and punishments) defines the offense of kidnapping. It is not necessary to commit an assault and battery in commit-

·ting the offense of kidnapping. It is not necessary to touch in order to kidnap or imprison falsely. In *People* v. *Garnett* (29 Cal. 622) Justice Sanderson held that burglary and larceny, charged in one indictment, made it bad on demurrer. . .The authorities cited by appellant, we think, have no bearing on this case. When this Court said that an indictment may allege the facts and circumstances constituting the . offense, it did not mean to contravene the statute and allow one offense to be set forth in the narration of a second.

The doctrine laid down in *People* v. *Rodriguez* (10 Cal. 50), *People* v. *Thompson* (4 Cal. 238), *People* v. *Martin* (32 Cal. 91), support our view of the case—*i. ·e.*, that an indictment may allege the acts and facts which have been used by the Legislature in defining an offense.

*Third*—The indictment alleges that the defendants "did steal, take and carry away one Ah Sing out of the County of Placer and into El Dorado County," etc., "with intent to kidnap him." The charge in the indictment fails to come within the statute, because a charge of an asportation out of the county with design to kidnap either does not set forth any offense, or if it does, it is bad for uncertainty, blindness and ambiguity.

At common law, kidnapping is treated as an aggravated false imprisonment, and all the ingredients of the latter are included in the former. (Wharton's Com. Law, Sec. 1211; 4 Bl. Com. 219.)

CROCKETT, J., delivered the opinion of the Court, SPRAGUE, J., and TEMPLE, J., concurring :

This is an appeal from an order sustaining a demurrer ·to an indictment for kidnapping. The order sustaining the demurrer is in the usual form ; but no other or further order or judgment was entered, and the appeal is taken from this order, treating it as a final judgment or disposition of the case. The objection is urged that no appeal will lie from an order sustaining a demurrer to an indictment ; that to ·entitle. the State to an appeal, there must be a formal and final judgment ; and it is claimed that the order sustaining

the demurrer, standing alone, cannot be deemed a final judgment, from which an appeal will lie. But we think the point is not well taken. A defective indictment is not subject to amendment, and when decided, on demurrer, to be insufficient, the cause is finally ended. The Code (Sec. 144) defines a judgment to be "the final determination of the rights of the parties to the action or proceeding;" and it is evident that the final order which decides the matters at issue, adjudicates the rights of the parties and ends the litigation, must be deemed a final judgment for the purposes of an appeal. In civil actions, an order sustaining a demurrer to the complaint is not an appealable order, for the reason that the complaint is amendable, and the sustaining a demurrer to it does not end the litigation. It is not a final determination of the rights of the parties. But in a criminal prosecution it is otherwise, and when a demurrer to the indictment is sustained, the action is finally ended in that Court. Nothing more remains to be done. It is true, in proper cases, if the defendant is in custody, the Court may detain him to answer another indictment to be found by another Grand Jury. But the first indictment is, nevertheless, finally disposed of by the demurrer, and the order sustaining which may for that reason be properly deemed to be a final judgment.

The indictment was found in El Dorado County, and is properly entitled in that county, and avers that the defendants, "at the County of El Dorado and County of Placer," did unlawfully, forcibly and feloniously assault, beat, bruise, ill treat, steal, take and arrest one Ah Sing at Mud Flat, in Placer County, without any process of any Court, and without authority of law, and did forcibly, unlawfully, and feloniously steal, take, arrest and carry him away out of and from Placer County, against his will, and did, in like manner, carry him into El Dorado County, with intent to kidnap him.

The indictment is assailed on three grounds, to wit: First—That it alleges the offense to have been committed in two counties. Second—That it includes two separate and distinct offenses. viz: assault and battery and kidnapping.

Third—That it is ambiguous, unintelligible and uncertain. The first point is not well taken. Section 54 of the Act concerning crimes and punishments provides that if any one shall forcibly steal, take or arrest any man, woman or child in this State, and carry him or her into another county, State or Territory, he shall be deemed guilty of kidnapping. The offense charged in this case was the forcible taking and stealing of a man in Placer County, and carrying him into El Dorado County. The offense was commenced in one county and consummated in the other; but it was only one transaction, occurring partly in each county; and it was not only proper, but necessary, that the indictment should state the facts, so as to bring the case within the statute.

Nor is the objection that the indictment includes two separate offenses well taken. The statement that in carrying out their purpose to kidnap Ah Sing, the defendants beat, bruised and ill treated him, is only a narrative of the circumstances which attended his arrest and capture by them. It is but an explanation of the method by which their designs were accomplished, and, at most, it would only be deemed surplusage. In an indictment for highway robbery, if it be charged that the defendant assaulted his victim on the highway, knocked him down and robbed him, we apprehend no one would claim that the indictment was bad, as including two separate offenses. It was all one transaction, and constituted but one offense. So in this case, the assault and battery was only a part of the forcible and unlawful arrest and abduction, and was evidently intended to be so charged in the indictment. The indictment, though not very artistically framed, is, we think, sufficiently certain, and free from ambiguity.

Judgment reversed and cause remanded, with an order to the County Court to overrule the demurrer.

WALLACE, J., delivered the following dissenting opinion, RHODES, C. J., concurring:

I agree with Mr. Justice CROCKETT, that but one offense is charged in the indictment in question, but am of opinion

that the mere entry of the order sustaining the demurrer to the indictment does not, of itself, constitute a *final judgment* of the County Court, in the sense of Section 481 of the Criminal Practice Act, regulating appeals to this Court in criminal cases. Such an order, when entered, it is true, is the foundation of a judgment to follow thereon. That judgment may absolutely discharge the prisoner (which would constitute a bar to another prosecution for the same offense), or it may direct him to be held in custody, and the case submitted to another Grand Jury. (Crim. Prac. Act, Secs. 293, 294, 295.) The mere order sustaining the demurrer does not, therefore, necessarily import that the prosecution is terminated, or that a final judgment, or indeed any judgment of an ascertained character, is to be entered thereon. Though a demurrer to the indictment be sustained, the people might desire to review the action of the Court in that respect, if the *judgment* thereon should direct the case to be re-submitted to another Grand Jury. An attentive reading of Section 293 will show that the *judgment* is something that follows *if the demurrer be allowed.* It is not, however, the *mere allowance* of the demurrer itself, and it may be, as we have seen, a judgment which absolutely terminates the prosecution, or one which directs it to proceed through the instrumentality of a re-submission of the case to another Grand Jury.

I am, therefore, of opinion that the appeal should be dismissed.