[Crim. No. 194.  Department One.—September 13, 1897.]

THE PEOPLE, Respondent, v. W. G. PEARNE, Jr., Appellant.

CRIMINAL LAW—INVOLUNTARY MANSLAUGHTER—INDICTMENT—VARIANCE.—The crime of involuntary manslaughter is included in an indictment for murder, and where the indictment charged that the defendant did "deliberately, willfully, and unlawfully, kill one Ellen Dogan," the crime of manslaughter of both kinds is included in the charge of unlawful killing, and a conviction for involuntary manslaughter does not constitute a variance.

ID.—NEGLIGENT ACT CAUSING DEATH—RECKLESS DRIVING—COUNTY ORDINANCE IMMATERIAL.—Where it is claimed that the defendant, while intoxicated, drove his team of horses through the principal street of a town in a reckless manner, and at a great and unusual rate of speed, thereby causing the death of a feeble old woman, who was crossing the street, the charge of involuntary manslaughter should rest upon the commission of an act which might produce death, done without

due caution and circumspection; and evidence of the violation of a
county ordinance does not strengthen the case, and is better omitted.

ID.—"UNLAWFUL ACT"—MALUM PROHIBITUM—INDEFINITE ORDINANCE—
QUESTIONS SUGGESTED, BUT UNDECIDED.—It is suggested, but not decided,
that an act .which is merely *malum prohibitum*, in the violation of a
municipal or county ordinance, is not an "unlawful act," within
the provision of section 192 of the Penal Code defining manslaugh-
ter; and also that a county ordinance making it a misdemeanor to
drive at a greater rate of speed than six miles an hour within any
unincorporated town or village containing five hundred inhabitants,
without specifying or giving any boundaries of unincorporated vil-
lages and towns, or means whereby their populations may be de-
termined, may be void by reason of uncertainty and indefiniteness.

ID.—CONTRADICTORY INSTRUCTIONS—NEW TRIAL.—Where the instructions are
unsatisfactory and contradictory, and do not clearly and fairly pre-
sent to the jury the law bearing upon the facts of the case, and
seem both to exclude and to include consideration by the jury of the
violation of a county ordinance, a new trial must be granted.

ID.—EVIDENCE—SOBRIETY OF DEFENDANT.—The exclusion of evidence of the
sobriety of the defendant at the time of the accident is not erron-
eous, the question of sobriety being immaterial, if the deceased was
run over and killed by the defendant "without due caution and
circumspection."

APPEAL from a judgment of the Superior Court of Butte
County and from an order denying a new trial. John C. Gray,
Judge.

The facts are stated in the opinion of the court.

George E. Gardner, R. C. Long, A. F. Jones, W. S. Goodfellow,
and Garret W. McEnerney, for Appellant.

The indictment charges voluntary and not involuntary man-
slaughter, and the conviction of involuntary manslaughter is not
supported, none of the acts constituting it being specifically
charged. (*People v. Lee*, 107 Cal. 480–81; *People v. Ward*, 110 Cal.
369; *Bruner v. State*, 58 Ind. 159.) The violation of a municipal
ordinance is not an "unlawful act" within the meaning of sec-
tion 192 of the Penal Code. (*Commonwealth v. Adams*, 114
Mass. 323; 19 Am. Rep. 362; *Estell v. State*, 51 N. J. L. 182;
1 Bishop's Criminal Law, 2d ed., sec. 258.) There was no proof
that Biggs, at the time of the homicide, had five hundred in-
habitants; and the ordinance is uncertain, indefinite, and void,
in that no limits are fixed of an unincorporated town or village.
The court erred in admitting testimony that defendant was

drinking and treating fifteen or twenty minutes after the accident, and in refusing testimony that he was not drunk. (*People v. Mitchell*, 62 Cal. 411.) The instructions were contradictory and calculated to confuse the jury. (*People v. Valencia*, 43 Cal. 555, 556; *People v. Anderson*, 44 Cal. 69; *People v. Messersmith*, 57 Cal. 575; *People v. Wreden*, 59 Cal. 392; *People v. Wong Ah Ngow*, 54 Cal. 151; 35 Am. Rep. 69; *People v. Campbell*, 30 Cal. 312.)

W. F. Fitzgerald, Attorney General, and W. H. Anderson, Assistant Attorney General, for Respondent.

The killing was involuntary manslaughter, being the unlawful killing of a human being without malice in the commission of an unlawful act not amounting to a felony. (Pen. Code, sec. 192.) The unlawful act of appellant in violating the provisions of the county ordinance was *malum in se*. Therefore, he was answerable for all the consequences that flowed from it. (*State v. Johnson*, 102 Ind. 247, 250; *Mercer v. Corbin*, 117 Ind. 450, 455; 10 Am. St. Rep. 76; *Surber v. State*, 99 Ind. 71; *State v. Glass*, 5 Or. 73; *Siemers v. Eisen*, 54 Cal. 418; *Driscoll v. Market Street C. Ry. Co.*, 97 Cal. 553; 33 Am. St. Rep. 203.) If there was any conflict in the instructions, the error was favorable to appellant.

GAROUTTE, J.—The defendant has been convicted of the crime of "involuntary manslaughter," and appeals from the judgment. It is claimed that, while intoxicated, he drove his team of horses through the principal street of the town of Biggs, in a reckless manner, and at a great and unusual rate of speed. A feeble old woman selected this inopportune time to attempt a voyage across the street, with the result that she was run over by the driver and fatally injured. His indictment and conviction followed.

Section 192 of the Penal Code is as follows: "Manslaughter is the unlawful killing of a human being without malice. It is of two kinds: 1. Voluntary—upon a sudden quarrel or heat of passion; 2. Involuntary—in the commission of an unlawful act not amounting to felony; or in the commission of a lawful act which might produce death, in an unlawful manner, or without due caution and circumspection."

The indictment charged that the defendant "did deliberately, willfully, and unlawfully kill one Ellen Dogan." The evidence indicated that the killing was not done deliberately and willfully, but accidentally and unintentionally, and the jury taking that view of the matter, in the light of the instructions of the court as to the law, found the defendant guilty of "involuntary manslaughter."

It is now insisted that the indictment charges the crime of voluntary manslaughter, and that under such an indictment a verdict of involuntary manslaughter constitutes a fatal variance. It is claimed that in voluntary manslaughter there must be an intentional killing, while in involuntary manslaughter there must be an accidental or unintentional killing; and that the pleader in this case by charging an intentional killing will not be allowed to prove an accidental killing, for evidence to prove such a fact would be outside of the indictment. This position is not well taken. . If this indictment had simply charged an "unlawful killing," without malice, it would have charged the crime of manslaughter of both kinds, voluntary and involuntary. By the additional words "deliberately and willfully," it certainly should not be held that it charges less than it did before those words were added. An "unlawful killing" is still charged, and such a killing constitutes involuntary manslaughter. It might with the same reason be urged that under an indictment charging a killing with malice and premeditation a conviction for killing without malice and premeditation would not be sustained. Yet it has always been held that upon an indictment charging murder a conviction for manslaughter was proper. In other words, when an indictment charges murder it also charges manslaughter. An indictment laid for murder charges an intentional killing; yet, under the criminal practice and procedure in this state, there is no doubt but that a verdict of involuntary manslaughter would find support in such a pleading. This is so because involuntary manslaughter is the "unlawful killing of a human being," and such crime is always included in an indictment for murder. Counsel for appellant have cited *Bruner v. State*, 58 Ind. 159, as opposed to these views. If the rules of criminal law pleading which obtain in that state are as liberal as those of this state,

we do not indorse the conclusion arrived at by the court in that case.

The prosecution introduced in evidence at the trial an ordinance of the County of Butte which declared it a misdemeanor to drive at a greater rate of speed than six miles an hour in any unincorporated town or village of that county which contained five hundred inhabitants. This evidence was offered for the purpose of showing that the defendant was guilty of a misdemeanor in driving at a greater rate of speed than six miles an hour in the town of Biggs, and for this reason it was claimed by the prosecution that he was engaged in the commission of an "unlawful act" when the killing was done. Counsel for appellant insist that an act which is merely *malum prohibilum* is not an "unlawful act," within the provisions of the section of the Penal Code defining manslaughter, and cite *Commonwealth v. Adams*, 114 Mass. 323, 19 Am. Rep. 362, which sustains that position. Counsel for defendant also claim that the ordinance is void by reason of uncertainty and indefiniteness in this, that no boundaries of unincorporated villages and towns in the county of Butte are given, and therefore it is impossible to ascertain when a town or village has a population of five hundred or more. There is reason in both of these contentions, and, if a disposition of this appeal demanded it, they would require mature consideration; but, in view of other matters presented by the record, we pass them by. In so doing we suggest that upon a retrial of this case, if the officers of the law deem a retrial advisable, the whole question of ordinance be omitted from the evidence. We do not see how the case is strengthened by it. In view of what has been said, the charge should rest upon the commission of an act done without due caution and circumspection.

The instructions of the court given to the jury are unsatisfactory and contradictory. They do not clearly and fairly present to the jury the law bearing upon the somewhat peculiar facts of this case. Notwithstanding there was considerable evidence offered pertaining to the matter of ordinance, we find no direct instructions bearing upon that question. In arriving at the verdict, we cannot tell whether the alleged violation of this ordinance of the county of Butte was considered by the jury in their deliberations. We cannot say that the jury were either told to

consider it or to lay it aside as a matter of no importance. The jurors were told by an instruction that: "If you should find from the evidence that the defendant, at the time of running over the deceased, was driving at a greater rate of speed than six miles an hour, that fact alone does not prove the guilt of the defendant." By this instruction it would fairly appear that the question of the ordinance was taken out of the case. If not, then the instruction is wrong under the theory of the prosecution as a declaration of a principle of law, for the prosecution claim that the mere act of driving at a greater rate of speed than six miles an hour, coupled with the act of killing, is sufficient to prove defendant's guilt. Again, the jury were told: "If the defendant was engaged in the commission of an unlawful act not amounting to a felony, and while so engaged ran over and killed Ellen Dogan, whether he intended to do so or not, it was manslaughter." There was no unlawful act in the case unless it was the violation of the aforesaid ordinance, and this instruction therefore appears to recognize the presence of the ordinance in question as an element in the case, and implies a demand that it be considered by the jury in arriving at a verdict. In effect, the jury were here told that if the defendant violated the ordinance, that is, drove at a greater rate of speed than six miles an hour, he thereby committed an unlawful act, and was guilty of the crime of manslaughter. Again, the jury were told that the defendant could not be convicted unless at the time of the accident he was driving in a "dangerous manner." This instruction is certainly inconsistent with the one we have just considered, where it is at least inferentially stated to the jury that the defendant would be guilty if he was driving at a rate of speed exceeding six miles per hour.

We find considerable evidence in the record under objection pertaining to the defendant's condition as to sobriety at the time of the accident. We see no good reason for the admission of such evidence before the jury. Certainly, if the deceased was run over and killed by the defendant "without due caution and circumspection" when not under the influence of liquor, his crime at least would be equally as apparent and heinous as if it had been committed by him when drunk.

For the foregoing reasons the judgment and order are reversed and the cause remanded for a new trial.

Van Fleet, J., and Harrison, J., concurred.