[Crim. No. 605. Third Appellate District.—March 18, 1922.]

THE PEOPLE, Appellant, v. S. N. APPLE, Respondent.

[1] CRIMINAL LAW—ORDER SUSTAINING DEMURRER TO INDICTMENT—APPEAL—TIME.—An appeal by the people from an order sustaining a demurrer to an indictment not taken as required by section 1240 of the Penal Code by announcement in open court at the time the order was made, but by announcement on the first law day succeeding the order, is not taken in time and must be dismissed.

[2] ID.—BASIS OF APPEAL—JUDGMENT ENTERED UPON ORDER.—In view of the amendment of section 1008 of the Penal Code authorizing the amendment of an indictment or information, without leave

of court at any time before plea, provided that the amendment does not change the offense charged or does not involve matters of substance, but only matters of form, an appeal will not lie from an order sustaining a demurrer to an indictment or information, but the appeal must be taken from the judgment entered upon the sustaining of the order.

APPEAL from an order of the Superior Court of Tehama County sustaining a demurrer to an indictment. John F. Ellison, Judge. Dismissed.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Appellant.

James T. Matlock and E. L. Randall for Respondent.

HART, J.—The defendant was indicted by the grand jury of Tehama County for the crime of felony embezzlement. The defendant demurred to the indictment on the ground, among others, that the facts therein stated do not show the crime of embezzlement or the commission of any offense, and the court sustained the demurrer.

The district attorney appeals from the order sustaining the demurrer.

The defendant has moved to dismiss the appeal on the ground that the same was not taken within the time prescribed by law.

Section 1240 of the Penal Code provides: "An appeal may be taken by the people by announcing in open court at the time the order is made that the people appeal from the same."

The record discloses that the order sustaining the demurrer was made and entered in the minutes of the court on the twenty-ninth day of November, 1921, and that the district attorney, on the fifth day of December, 1921, appeared in court and thus attempted to take an appeal from the order sustaining the demurrer, as follows: "District Attorney, M. J. Cheatham, now announces that this being the first Law Day and the first time when he was present in court since the making of the order sustaining the Demurrer to the indictment in the above entitled action, which order

was made in his absence, that the plaintiff now appeals to the District Court of Appeal, Third Appellate District, of the State of California, from the order sustaining the Demurrer to the Indictment in the above entitled action.''

[1] Assuming that the order sustaining the demurrer is itself tantamount to a judgment on said demurrer, it is clear that under section 1240 of the Penal Code, above herein quoted, the appeal was not taken within due legal time, and for that reason could not be reviewed by this court. It is well settled that the limit of time fixed by the code within which an appeal may be taken from an order or a judgment is jurisdictional, and that, therefore, where an appeal has been attempted after the expiration of the time within which the code provides it shall be taken, jurisdiction to hear and determine the appeal is not conferred upon the court to which the appeal is sought to be taken. Under this view of the situation, as it is presented by the record, the motion to dismiss the appeal would have to be granted.

[2] But a more serious proposition arises upon the question whether there was, in fact, any action by the trial court upon which, as a matter of law, an appeal may be predicated.

Section 1238 of the Penal Code provides, among other things, that an appeal may be taken by the people ''from a *judgment* for the defendant on a demurrer to the indictment, accusation or information.'' In the case of *People* v. *Ah Own,* 39 Cal. 604, which was an appeal from an order sustaining a demurrer to an indictment for kidnaping, it was held, by a divided court, however, that an order sustaining a demurrer to an indictment constituted the final action in the case, and that such order, therefore, amounted to a final judgment, from which an appeal might be prosecuted and maintained. A similar ruling was made in the case of *People* v. *Jordan,* 65 Cal. 644 [4 Pac. 683]. In the Ah Own case the reason upon which the ruling was founded was that a criminal pleading was not, as was and is true of a pleading in a civil action, amendable. In the Jordan case it was held that ''the Penal Code does not provide for any entry of judgment on demurrer other than the entry of the order upon the minutes. (Sec. 1007.) The order in the minutes is the judgment. Although it is

better to employ the language of the code, a judgment that
a demurrer be 'sustained' is in effect a judgment that a
demurrer be allowed.'' When the above decisions were
handed down there was no provision in the Penal Code
authorizing the amendment of an information or indict-
ment. Since then, however, section 1008 of the Penal Code
has been amended so as to read as follows:

''An indictment or information may be amended by the
district attorney without leave of court, at any time before
the defendant pleads. Such amendment may be made at
any time thereafter, in the discretion of the court, where
it can be done without prejudice to the substantial rights
of the defendant. An indictment cannot be amended so
as to change the offense charged, nor an information so as to
charge an offense not shown by the evidence taken at the
preliminary examination. If a demurrer is sustained and
an amendment is not allowed, or if allowed, is not made,
within such reasonable time as the court may fix, the court
shall give a judgment of dismissal, which shall be a bar
to another prosecution for the same offense. The de-
fendant shall thereupon be discharged, unless the court
directs the case to be submitted to the same or another
grand jury, or directs a new information to be filed; pro-
vided that after such order or resubmission, the defendant
may be examined before a magistrate, and discharged or
committed by him, as in other cases.''

It will thus be noted that under the existing law the dis-
trict attorney has the right to amend an indictment or
information without leave of court at any time before a plea
to the charge by the defendant, provided, of course, the
amendment does not change the offense charged or does
not involve matters of substance, but only matters of form.
(*People* v. *Anthony,* 20 Cal. App. 586 [129 Pac. 968].) It
will also be observed that after demurrer sustained to an
indictment or information the district attorney is entitled
to a reasonable time, to be fixed by the court, within which
to amend the pleading, and if within such time as the
court in its discretion may fix, he does not amend, the
court must cause a judgment of dismissal to be entered.
It would seem to be clear, from this provision, that it is
contemplated that either a judgment of dismissal or a judg-
ment upon the demurrer itself without a dismissal based

57 Cal. App.—8

upon the order sustaining the demurrer should be entered, and, this being so, it would follow that there can be no appeal except from a judgment so entered. In other words, under section 1008 as amended, whereby amendments of criminal pleadings in matters of form are allowed, the situation with respect to the action of the court in sustaining a demurrer to a criminal pleading is precisely the same as that with respect to the same matter in civil actions. It has often been held, and, indeed, it is clear from the code provisions themselves, that an order sustaining a demurrer to a complaint in a civil action is not appealable, but that in such case the appeal must be from the judgment entered upon the order sustaining the demurrer. Since section 1008 of the Penal Code was amended, as indicated above, there is no reason why the rule as to appeals in civil cases for the purpose of having the order of the court sustaining a demurrer reviewed should not be applicable in criminal cases, and that the appeal in such instances should be from the judgment entered upon the order sustaining the demurrer and not from the order itself.

Our conclusion is that the attempted appeal here is futile and that this court is without jurisdiction to review the purported record before us.

We may add that the attorney-general did not at the oral argument seriously resist the motion to dismiss the appeal, probably being of the opinion that the attempt to bring the matter before this court was not legally successful. No briefs have been filed herein by either side. We have, therefore, been guided in our conclusion entirely by the code sections themselves and what little light is to be gathered from the earlier decisions, cited above, which, as we have shown, were rendered before section 1008 of the Penal Code was revised, as indicated above.

The motion to dismiss the appeal is granted.

Burnett, J., and Finch, P. J., concurred.