[Crim. No. 1021. First Appellate District, Division Two.—April 12, 1922.]

## THE PEOPLE, Appellant, v. AL RYAN, Respondent.

[1] CRIMINAL LAW—SUSTAINING OF DEMURRER—DISMISSAL OF ACTION —APPEAL—TIME.—In a criminal prosecution, where a demurrer to the information is sustained and the district attorney desires to appeal and not to amend, he should appeal from the judgment of dismissal entered upon the order sustaining the demurrer, and not from the order itself; and where, at the time the order dismissing the action is made, the district attorney, in open court, announces that the people appeal from the same, the appeal is taken in time, notwithstanding the district attorney at the same time also makes an ineffective announcement that the people appeal from the prior order sustaining the demurrer.

MOTION to dismiss an appeal from a judgment of the Superior Court of Santa Cruz County. Benj. K. Knight, Judge. Motion denied.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and John H. Riordan, Deputy Attorney-General, for Appellant.

Lucas F. Smith, Lucas F. Smith, Jr., and Stanford G. Smith for Respondent.

LANGDON, P. J.—This matter comes before us upon a motion by respondent to dismiss the appeal.

The transcript shows that the district attorney for the county of Santa Cruz filed an information for misdemeanor to wit, violation of Medical Practice Act, against the defendant on September 23, 1921. Defendant demurred to the information. The demurrer was sustained on September 26, 1921, and the district attorney was granted one week's time within which to file an amended information. On September 29, 1921, the district attorney presented an amended information to the court which was, substantially, the same as the original information and did not amend said original information in the respect required by the previous court order sustaining the demurrer. The court thereupon denied the district attorney leave to file the amended information in

the form presented and informed him that unless an information amended in the manner indicated be filed by October 3, 1921, the action would be dismissed pursuant to the provisions of section 1008 of the Penal Code. The district attorney then stated that the prosecution did not desire to amend and "that the prosecution gives notice of appeal from the judgment of the court sustaining the demurrer."

[1] On October 3, 1921, the parties appeared in court and the district attorney again refused to amend, whereupon the court ordered the action dismissed, pursuant to the provisions of section 1008 of the Penal Code. The district attorney then announced, in open court, that the prosecution appealed from the order made on September 26, 1921, sustaining the demurrer to the information and also from the order made dismissing the action.

Respondent now makes a motion to dismiss this appeal upon the ground that the same was not taken in the time provided by section 1240 of the Penal Code.

The recent case of *People* v. *Apple, ante,* p. 110 [206 Pac. 487], is directly in point. It is there said: "Since section 1008 of the Penal Code was amended . . . there is no reason why the rule as to appeals in civil cases for the purpose of having the order of the court sustaining a demurrer reviewed, should not be applicable in criminal cases, and that the appeal in such instances should be from the judgment entered upon the order sustaining the demurrer and not from the order itself."

Under the ruling of this recent case, it was not necessary for the district attorney to appeal from the order of September 26, 1921, sustaining the demurrer. The judgment of dismissal which was entered under the provisions of section 1008 of the Penal Code, upon the failure of the district attorney to amend within a reasonable time, was the judgment entered on the order sustaining the demurrer and was the order from which the appeal should have been taken by the district attorney.

The order that the action be dismissed, pursuant to section 1008 of the Penal Code, was not made until October 3, 1921. At that time the district attorney announced in open court, in accordance with section 1240 of the Penal Code, that the prosecution appealed from the order dismissing said action. It is true, he also announced that he appealed from

the order sustaining the demurrer, theretofore made on September 26, 1921, but that announcement was merely surplusage and of no effect. The controlling fact is that at the time the order dismissing the action was made, which was the judgment entered upon the order sustaining the demurrer, the district attorney did, in open court, announce that the people appealed from the same. The appeal was taken in time, therefore, and is properly before this court. The motion to dismiss the appeal is denied.

Nourse, J., and Sturtevant, J., concurred.