[Crim. No. 1031.  Second Appellate District, Division One.—October 25, 1923.]

THE PEOPLE, Appellant, v. O. D. HADLEY, Respondent.

[Crim. No. 1032.  Second Appellate District, Division One.—October 25, 1923.]

THE PEOPLE, Appellant, v. O. D. HADLEY et al., Respondents.

[Crim. No. 1033.  Second Appellate District, Division One.—October 25, 1923.]

THE PEOPLE, Appellant, v. FREDERICK ERNSTING, Respondent.

[1] CRIMINAL LAW—ORDER SUSTAINING DEMURRER TO INDICTMENT OR INFORMATION — NONAPPEALABLE ORDER—JUDGMENT.—An order sustaining a demurrer to an indictment or information does not amount to a final judgment from which an appeal may be taken; the appeal in such instances should be from the judgment when entered upon the order sustaining the demurrer and not from the order itself.

MOTIONS to dismiss appeals from orders of the Superior Court of Imperial County sustaining demurrers to informations.  M. W. Conkling, Judge.  Granted.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, for Appellant.

Robert G. Hill for Respondents.

CONREY, P. J.—On motions to dismiss appeals.

Counsel have informed us that these motions and records are identical in their terms so far as the motions are concerned. Therefore we shall state the first case only (No. 1031), and allow the decision of the other cases to follow the decision in the stated case.

The notice of motion to dismiss announces respondent's intention to move for a dismissal of "the appeal of the plaintiff from an order made and entered by the superior court of the county of Imperial" in said action; and states that the motion will be made on a certified copy of the record and the order from which the appeal is taken.

Respondent also filed a written motion which by its terms and its statement of the grounds of motion shows that it is directed solely to an appeal attempted to be taken from an order sustaining the demurrer of defendant to the second amended information filed in said action for the purpose of prosecuting the defendant for the commission of an alleged misdemeanor.

The said certified copy of the record as filed by respondent for use on his motion to dismiss the appeal shows by the court's minutes that said demurrer was sustained and that at the time of announcement of the ruling there was given "notice of appeal by district attorney in open court." The said copy of the clerk's transcript was certified by the county clerk under date September 11, 1923, and contains nothing to indicate that judgment of dismissal or any judgment has been rendered by the superior court. [1] In *People* v. *Apple,* 57 Cal. App. 110 [206 Pac. 487], it was held that by reason of stated provisions of the Penal Code as the same now exists, an order sustaining a demurrer to an indictment or information does not amount to a final judgment from which an appeal may be taken; that the appeal in such instances should be from the judgment when entered upon the order sustaining the demurrer and not from the order itself. Following that decision of the third district, which appears to be well reasoned, we conclude that the motions here presented should be granted.

To prevent misunderstanding by counsel, we will add that our attention has been drawn to the fact that in each of these cases the clerk's transcript on appeal has been filed on the thirteenth day of October, 1923. In each case the tran-

script shows that the court on sustaining the demurrer dismissed the case, and that the notice of appeal given in open court was a notice of appeal "from order sustaining demurrer and judgment of dismissal." Therefore the orders now to be made will not affect the pending appeals from the judgments.

In each of the above-entitled cases it is ordered that the respondent's motion to dismiss the appeal from the order sustaining demurrer to second amended complaint is granted.

*Houser, J., and Curtis, J., concurred.*