[Crim. No. 637. Fourth Dist. July 23, 1945.]

THE PEOPLE, Appellant, v. JOHN PERCY DOBBS, Respondent.

Robert W. Kenny, Attorney General, Frank Richards, Deputy Attorney General, and John Neblett, District Attorney, for Appellant.

Sarau, Thompson & Colegate and H. L. Thompson for Respondent.

BARNARD, P. J.—The defendant was charged with manslaughter. On April 23, 1945, his demurrer to the information was argued and an order was entered in the minutes sustaining the demurrer with leave to amend within ten days.

On April 27, 1945, what purports to be a formal judgment, sustaining the demurrer and granting the plaintiff leave to amend within ten days, was filed and recorded in the book of judgments. On the same day, the plaintiff appealed both from the order of April 23 and the judgment of April 27.

The first question presented is whether any right of appeal is here available to the appellant. Subdivision 2 of section 1238 of the Penal Code provides that an appeal may be taken by the People "from a judgment for the defendant on a demurrer" to the information. The respondent contends that neither the minute order sustaining the demurrer with leave to amend nor the formal judgment thereafter entered is such a judgment on demurrer as is required by subdivision 2 of section 1238; that neither is a final judgment in any sense since permission to amend was granted; that if the district attorney did not desire to amend, a judgment of dismissal should have been entered; that such a judgment of dismissal is the judgment for the defendant which is contemplated by section 1238; and that a review of the order sustaining a demurrer can be had only upon an appeal from a judgment of dismissal.

There appears to be no authority in this state which is directly in point under all of the circumstances which here appear. In *People* v. *Ah Own,* 39 Cal. 604, it was held, under the old Practice Act, that an order sustaining a demurrer to an indictment amounted to a final judgment and was appealable. This was based upon the then existing difference between civil and criminal cases, the complaint in the one being amendable while in the other it was not. In *People* v. *Jordan,* 65 Cal. 644 [4 P. 683], decided after sections 1007 and 1238 of the Penal Code were adopted, it was held that an appeal would lie from an order sustaining a demurrer to an indictment. The reason given for this holding was not the matter of finality mentioned in the Ah Own opinion but was because "the Penal Code does not provide for any entry of judgment on demurrer other than the entry of the order upon the minutes. (§ 1007.) The order in the minutes is the judgment." Although at that time a complaint was not amendable this fact was not relied on and, in effect, the court held that the judgment on demurrer referred to in section 1238 was the order allowing the demurrer and entered in the minutes as provided for in section 1007.

The matter again arose in 1922, nearly forty years after

the Jordan decision. In *People* v. *Apple,* 57 Cal.App. 110 [206 P. 487], an appeal from an order sustaining a demurrer was dismissed. After holding that the appeal was taken too late, the court went on to hold that an appeal from such an order would not lie because, since the decision in the Jordan case, section 1008 of the Penal Code had been so amended as to make indictments or informations amendable, and to provide further for the entry of a judgment of dismissal in case they were not amended after the sustaining of a demurrer. The court stated that this latter provision clearly ''contemplated that either a judgment of dismissal or a judgment upon the demurrer itself without a dismissal'' should be entered, and that it followed that there could be no appeal except from a judgment so entered. It is difficult to see how this provision for a judgment of dismissal, under certain conditions, clearly or otherwise contemplated, as an alternative, a formal judgment upon a demurrer without a dismissal, which is nowhere provided for in the code. It may be observed that if a judgment of the latter kind is contemplated by any of the code sections, one was here entered. It should also be observed that while section 1008 then provided for a judgment of dismissal after a demurrer was sustained, under certain conditions, section 1007 had not been amended, was not limited to the conditions expressed in 1008, and still provided that the court must give judgment either allowing or disallowing the demurrer and that an order to this effect must be entered in the minutes, which order, it was held in the Jordan case, '' is the judgment.'' The provisions of section 1007 were not discussed in the Apple case. The decision in that case was followed in *People* v. *Ryan,* 57 Cal.App. 338 [207 P. 269] and in *People* v. *Hadley,* 64 Cal.App. 221 [221 P. 389], and without a discussion of the provisions of section 1007. In none of these cases was a hearing in the Supreme Court requested.

It is true that at the time the last-mentioned cases were decided there was not an entire absence from the Penal Code of any provision for the entry of a judgment of dismissal, after the sustaining of a demurrer, since section 1008 then provided for such a judgment under certain circumstances. However, in that respect the situation has now been restored to that existing at the time of the Jordan decision, since in 1927 section 1008 was so amended as to eliminate that portion which provided for the entry of a judgment of dismissal in case no

amendment was made after the sustaining of a demurrer. As a result, it is again true, as pointed out in the Jordan case, that no provision is made in the Penal Code for any entry of judgment on demurrer other than the entry of the order upon the minutes, as provided for in section 1007.

There is one distinction between the present situation and that prevailing at the time of the Jordan decision, although the matter was not there mentioned. Complaints are now amendable. The respondent argues that this fact is conclusive, that the words used in section 1238, ''from a judgment for the defendent on a demurrer,'' refer to a judgment which is a final determination of the case, that the rule should be the same as that in a civil case where a judgment of dismissal is required after the sustaining of a demurrer, and that a review of an order sustaining a demurrer can be had only upon an appeal from a judgment of dismissal.

It may be assumed that good reasons could be advanced for applying the same rule in this regard in both civil and criminal actions. On the other hand, there may be good reasons for a different rule in criminal cases, where questions of jeopardy are involved, and where it may be considered an advantage to both parties to have the legal sufficiency of the charging instrument determined in advance, and before the ordeal of a criminal trial must be undergone. In any event, we regard this as a question for the Legislature and not for the courts. Section 1238, which sets forth specifically the instances in which the People may appeal, makes no mention of a judgment of dismissal but definitely provides for an appeal ''from a judgment for the defendant on a demurrer.'' Assuming that a court, under its general powers, could properly enter a judgment of dismissal, after a demurrer has been sustained and upon refusal to amend, and that such a judgment would be appealable under subdivision 2 of section 1238, it would be unreasonable to hold that this subdivision refers exclusively to a judgment entered under such implied powers and that it does not apply or relate to the only such judgment which is specifically provided for in the Penal Code, the one mentioned in section 1007. Section 1005 provides for a demurrer to an information. Section 1006 provides for an early hearing on that demurrer. Section 1007 then provides that on considering this demurrer the court ''must give judgment,'' and then provides that its order thereon ''must be entered upon the minutes.'' Under some circumstances, in civil cases, a minute

order is considered as a judgment for the purpose of serving as a foundation for an appeal and no good reason appears why the same should not be true, in such a case as this, where the code section expressly provides that the court must give judgment and then, in effect, provides that this judgment shall be entered in the form of a minute order. As the court pointed out in the Jordan case: "The order in the minutes is the judgment." Assuming that a judgment of dismissal may properly be entered after the sustaining of a demurrer, under certain conditions, another form of judgment, to be entered as a minute order, is specifically provided for in section 1007. In our opinion the entry of such a minute order is a sufficient judgment, within the meaning of the statutes, from which an appeal may be taken.

A further question is presented as to whether the information here sufficiently charges the respondent with the commission of the crime of manslaughter under section 192 of the Penal Code. The respondent contended through his demurrer, and contends here, that the information is insufficient and uncertain in that it cannot be ascertained therefrom whether he is charged with voluntary manslaughter or involuntary manslaughter; whether he is charged with the commission of an unlawful act not amounting to a felony or with the commission of a lawful act in an unlawful manner; what unlawful act he was committing at the time in question; or how or in what manner he was committing a lawful act without due caution or circumspection.

Section 192 of the Penal Code defines manslaughter "as the unlawful killing of a human being, without malice." The two kinds of manslaughter, voluntary or involuntary, are then set forth. Section 952 provides that an offense may be charged in the words of the statute, or in any words sufficient to give the accused notice of the offense of which he is accused.

The information here charges that the respondent on or about the 26th day of February, 1945, in the county of Riverside, "did unlawfully and without malice kill" four persons who are named. This charges the offense of manslaughter in practically the identical language used in the statute. The language used is also practically identical, so far as material here, with that of the information involved in *People* v. *Herbert*, 6 Cal.2d 541 [58 P.2d 909], where a conviction of manslaughter was affirmed. In analyzing the requirements of

a manslaughter charge in that case, in connection with the question of former jeopardy, the court said:

"The ingredient of manslaughter is that a human life was unlawfully taken. . . . The statute defining it is general and it makes no difference as to the particular means or methods by which it is committed if death ensues from the commission of an unlawful act not amounting to a felony, or from the commission of a lawful act which might produce death in an unlawful manner or the commission of a lawful act without due caution and circumspection. (Sec. 192, Pen. Code.) The manner of its commission need not be pleaded."

In *People* v. *Pearne,* 118 Cal. 154 [50 P. 376], the court said: "If this indictment had simply charged an 'unlawful killing,' without malice, it would have charged the crime of manslaughter of both kinds, voluntary and involuntary." Even before the rules of pleading in criminal cases were relaxed by the amendments of 1927 and 1929 it was held sufficient to allege an offense in the language of the statute except in cases where fraud was an essential element of the crime. (*In re Berto,* 195 Cal. 774 [235 P. 735].) In many cases, before and after those amendments, it was held that a general charge of manslaughter was sufficient to uphold a conviction of either voluntary or involuntary manslaughter, that it was not necessary to allege in the information which of the two kinds of manslaughter were charged against the defendant, and that no recital of the precise facts that would be relied upon is necessary. (*People* v. *Hunt,* 26 Cal.App. 514 [147 P. 476]; *People* v. *Bones,* 35 Cal. App. 429 [170 P. 166]; *People* v. *Wilson,* 193 Cal. 512 [226 P. 5].) Similar principles have been applied in connection with the charging of the commission of other crimes. (*People* v. *Fewkes,* 214 Cal. 142 [4 P.2d 538]; *People* v. *Chait,* 69 Cal.App.2d 503 [159 P.2d 445].)

In our opinion, the complaint here sufficiently charges the respondent with the crime of manslaughter and the court erred in sustaining the demurrer.

The order and judgment appealed from are reversed.

Marks, J., concurred.