SHAW, J.
 
 *
 

 The plaintiff has filed a notice of appeal “from the judgment for the defendant upon the sustaining of his demurrer to the complaint.” On examining the record we find no such judgment.
 

 The clerk’s transcript shows that defendant pleaded not guilty and the case came on for trial, and then the defendant was allowed to withdraw his plea and to file a demurrer. The demurrer was later “sustained without leave to amend.” The trial court at the same time filed an opinion which stated the same ruling just quoted. Nowhere in the minutes or in this opinion is any further action stated which would dispose of the case.
 

 In 1951 a number of amendments of the procedural provisions of the Penal Code were made, all of which, by the terms of section 690 as then amended, “apply to all criminal actions and proceedings in all courts” with some exceptions not here important. (See Stats. 1951, ch. 1674.)
 

 Section 1004 of the Penal Code, as amended in 1951, provides for the filing of a demurrer to the complaint. Section 1007 Penal Code, as amended in 1951, provides that “the court must make an order either overruling or sustaining” the demurrer. Before this amendment, section 1007 provided for “judgment, either allowing or disallowing” the demurrer, but the word “judgment” was eliminated by this amendment. Section 1008, Penal Code, as amended in 1951, provides that if the demurrer is sustained and no amendment is permitted or none is filed if permitted “the action shall be dismissed” and certain specified orders made regarding bail. No such action here appears.
 

 Section 1466, Penal Code, as amended in 1951, provides that the People may appeal “Prom a judgment for the defendant upon the sustaining of a demurrer.” Here there is no such judgment. As the Supreme Court said in
 
 People
 
 v.
 
 Adamson
 
 (1949), 33 Cal.2d 286, 288 [201 P.2d 537], “Speaking generally, ‘It is well established that no appeal will lie from order sustaining a demurrer to ... a pleading.’ ” Accordingly an appeal from an order sustaining a demurrer
 
 *Supp. 879
 
 to a petition for a writ of error
 
 coram nobis,
 
 without leave to amend, was dismissed. The same principle should be applied here.
 

 The appellant cited in support of its appeal,
 
 People
 
 v.
 
 Dobbs
 
 (1945), 70 Cal.App.2d 261 [161 P.2d 46], There the court held that an appeal would lie from an order sustaining a demurrer with leave to amend. The decision was based on the fact that the Penal Code then contained no provision, for a judgment to be entered when a demurrer was sustained, other than that in section 1007 (which since has been eliminated), (70 Cal.App.2d 264), and hence the order sustaining it must be regarded as “a judgment for defendant on a demurrer” (as it was then labelled by section 1007) from which an appeal might be taken under Penal Code, section 1238. The court said this was a question for the Legislature. Now the Legislature has spoken in the 1951 amendments and has stated exactly what is the form of judgment on demurrer. Until there is such a judgment no appeal now lies.
 

 The appellant also cited
 
 People
 
 v.
 
 Draper
 
 (1933), 134 Cal.App.Supp. 787, 793 [22 P.2d 604], where this court approved an appeal from an order of a justice’s court sustaining a demurrer in a criminal case. But that decision was made long before the 1951 amendments of the Penal Code which we have discussed and at a time when there was no authority at all for a demurrer in a justice’s court. The decision is not controlling here, in view of the great difference in the applicable statutory provisions.
 

 Section 1466, Penal Code, as amended in 1951, also provides that the People may appeal from “an order or judgment dismissing or otherwise terminating the action before the defendant has been placed in jeopardy or where the defendant has waived jeopardy.” There is here no dismissal, but the conditions as to jeopardy are met. However, we see no order terminating the action. Section 1009, Penal Code, as amended in 1951, provides that “The court in which an action is pending may order or permit . . . the filing of an amended complaint, ... at any stage of the proceedings.” This language is broad enough to cover the “stage of the proceedings” where a demurrer has been sustained without leave to amend but the judgment of dismissal has not yet been entered, if the court should in the meantime be convinced that it had erred. In
 
 People
 
 v.
 
 Kynette
 
 (1940), 15 Cal.2d 731, 759 [104 P.2d 794], this phrase “stage of the proceedings” was held to authorize amendment of an indictment “to conform to proof”
 
 *Supp. 880
 
 after the evidence to which it conformed had been admitted. In civil cases we find it held that an amendment of the complaint may be permitted after the court has announced its decision but before judgment is entered
 
 (Campbell
 
 v.
 
 Genshlea
 
 (1919), 180 Cal. 213, 219 [180 P. 336]), where the court held that there was no “time before judgment entered when the power of the court ceases.” See also
 
 Sandvold
 
 v.
 
 Parrot
 
 (1946), 74 Cal.App.2d 344, 349 [168 P.2d 995],
 

 We see no reason for not applying the same rule in criminal cases, and it follows that an order sustaining a demurrer does not terminate the action.
 

 The plaintiff cites in further support of its appeal,
 
 People
 
 v.
 
 Pallares
 
 (1952), 112 Cal.App.2d Supp. 895, 897 [246 P.2d 173]. That ease does uphold the People’s appeal from an order of a municipal court sustaining a demurrer to a criminal complaint. The only authorities cited for the conclusion are
 
 People
 
 v.
 
 Draper,
 
 134 Cal.App.Supp. 787, 793 [22 P.2d 604], and
 
 People
 
 v.
 
 Dobbs,
 
 70 Cal.App.2d 261 [161 P.2d 46], We have already discussed these cases and shown why they are not controlling here.
 
 People
 
 v.
 
 Pallares
 
 was decided after the 1951 amendments of the Penal Code and on facts which arose after those amendments, but those amendments were not mentioned in the opinion and were evidently not called to the attention of the court. We find ourselves unable to follow this decision.
 

 The appeal is dismissed.
 

 Bishop, P. J., concurred.
 

 *
 

 Assigned by Chairman of Judicial Council.