[Crim. No. 7957. In Bank. Dec. 3, 1964.]

THE PEOPLE, Plaintiff and Appellant, v. JEROME REHMAN, Defendant and Respondent.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.

Stanley Mosk, Attorney General, William E. James, Assistant Attorney General, William B. McKesson, District Attorney, Harry Sondheim, Harry Wood and Robert J. Lord, Deputy District Attorneys, for Plaintiff and Appellant.

Ramsey & Emlein, Albert C. S. Ramsey and Milton Emlein for Defendant and Respondent.

McCOMB, J.—The People appeal from an order setting aside Count I of a two-count indictment, pursuant to section 995 of the Penal Code.

*Facts:* The Los Angeles County Grand Jury indicted defendant, in Count I, for involuntary manslaughter (Pen. Code, § 192, subd. 2) and defendant and others, in Count II, for conspiracy to commit acts injurious to public health (Pen. Code, § 182 and others).

The superior court ordered the counts severed, and this appeal relates to Count I only.

Defendant demurred to Count I on several grounds. He also moved, pursuant to section 995 of the Penal Code, to have Count I set aside on the ground that he was indicted without reasonable and probable cause.

On August 3, 1962, the trial court entered its order with respect to the demurrers and the motions, which order read:

". . . The Court makes the following ruling: 1—Demurrer is sustained on the grounds of misjoinder of Counts 1 and 2 and they are ordered severed. 2—Demurrer is sustained as to Count 1 on the grounds same appears to be barred by the statute of limitations. 3—Demurrer is over-ruled in all other respects. 4—Motion under 995 Penal Code is granted as to Count 1 and denied as to Count 2."

■ *Questions:* First. *Was the order sustaining the demurrer an appealable order?*

*No.* Rule 31(b) of the California Rules of Court provides: ". . . The notice shall be sufficient if it states in substance that the party appeals from a specified judgment or order or a particular part thereof, and shall be liberally construed in favor of its sufficiency."

The notice of appeal reads: "The People . . . hereby appeal . . . from the order of the Superior Court of the State of California for the County of Los Angeles, made in the above entitled cause on the 3rd day of August, 1962, setting aside Count I of the indictment under Section 995 of the Penal Code."

Section 1238 of the Penal Code provides that the People may take an appeal:

"1. From an *order* setting aside the indictment, information, or complaint;

"2. From a *judgment* for the defendant on a demurrer to the indictment, accusation or information." (Italics added.)

In the instant case the minute entry granting defendant's motion under section 995 of the Penal Code complies with the necessity that there be "an order" setting aside the indictment as set forth in subdivision 1 of section 1238 quoted above.

The minute order merely sustaining the demurrer does not constitute "a judgment" on a demurrer as required by subdivision 2.

To permit a minute entry sustaining a demurrer to be equivalent to a judgment would not carry out the intent of the Legislature in using the word "order" in subdivision 1 of section 1238 and the word "judgment" in subdivision 2.

To have a judgment, there must have been not only an order sustaining the demurrer but, in addition, a judgment dismissing the case. There was no such judgment in the present case.

In *People* v. *Dobbs* (1945) 70 Cal.App.2d 261 [161 P.2d 46], it was held that under the requirements of section 1007 of the Penal Code as they existed at that time, the entry of a minute

order sustaining a demurrer to an indictment was a sufficient judgment within the meaning of section 1238 of the Penal Code. However, at the time of the *Dobbs* case, section 1008 required that "the proceeding shall be dismissed," and section 1007 read: "Upon considering the demurrer, the Court must give judgment, either allowing or disallowing it, and an order to that effect must be entered upon the minutes." Under the sections as they existed at that time, the court held that the minute order constituted a judgment.

In 1951, upon the recommendation of the Special Crime Study Commission on Criminal Law and Procedure, sections 1007 and 1008 of the Penal Code were amended so as to delete, among other things, the word "judgment" from section 1007, while section 1008 still requires that the action "shall be dismissed."

In *People* v. *Alves* (1957) 154 Cal.App.2d Supp. 877 [315 P.2d 755], Judge Hartley Shaw* disapproved contrary statements in *People* v. *Dobbs, supra,* pointing out that the law had been changed by the Legislature.

In the *Alves* case, Judge Shaw said, at page 879 [2] : "The appellant cited in support of its appeal, *People* v. *Dobbs* (1945) 70 Cal.App.2d 261 [161 P.2d 46]. There the court held that an appeal would lie from an order sustaining a demurrer with leave to amend. The decision was based on the fact that the Penal Code then contained no provision for a judgment to be entered when a demurrer was sustained, other than that in section 1007 (which since has been eliminated), (70 Cal.App. 2d 264), and hence the order sustaining it must be regarded as 'a judgment for defendant on a demurrer' (as it was then labelled by section 1007) from which an appeal might be taken under Penal Code, section 1238. The court said this was a question for the Legislature. Now the Legislature has spoken in the 1951 amendments and has stated exactly what is the form of judgment on demurrer. Until there is such a judgment no appeal now lies."

Accordingly, in *Alves,* the court dismissed a notice of appeal filed by the People because no judgment had been entered dismissing the action. (See Witkin, Cal. Criminal Procedure (1963) § 660, p. 651.)

■ Second. *Does the statute of limitations begin to run in a manslaughter case on the date the victim dies after the fatal blow is inflicted?*

---

*Judge Shaw was the author of the proposals that were reviewed by the Special Crime Study Commission, submitted to the Legislature, and subsequently adopted by it.

*Yes.* In the instant case, the victim died on June 29, 1959, as the result of an operation on June 9, 1959, which the People charge was performed by defendant in a grossly negligent manner and without consent of the deceased or her husband.

The indictment was filed June 14, 1962. Section 800 of the Penal Code reads: "An indictment for [manslaughter] . . . must be found, and information filed, or case certified to the superior court, *within three years after its commission.* . . ." (Italics added.)

█ The statute of limitations is jurisdictional, and an indictment or information which shows on its face that prosecution is barred by the statute of limitations fails to state a public offense. (*People* v. *Holtzendorff,* 177 Cal.App.2d 788, 792 [2] [2 Cal.Rptr. 676] [hearing denied by the Supreme Court].)

█ It is obvious that the offense of manslaughter had not been committed until the victim died. Until death occurred, there was no manslaughter; and before the moment of death, defendant could not have been investigated and prosecuted for manslaughter. (*State* v. *Taylor,* 31 La.Ann. 851, 852; *Brockway* v. *State,* 192 Ind. 656 [138 N.E. 88 [1, 2], 26 A.L.R. 1338]; *Alderson* v. *State,* 196 Ind. 22 [145 N.E. 572, 573 [1, 2] ].) █ If a crime is defined as an act irrespective of the consequences, the crime is the act; but if a crime is defined to include some consequence of the act, the crime is the consequence when produced by a human agency. (*Daeche* v. *United States* (2d Cir. 1918) 250 F. 566, 570 [162 C.C.A. 582].)

█ In this state, the law makes the crime of manslaughter a composite one. The striking of the victim does not alone make the crime, nor does the death of the victim without a striking (or some other conduct or force) make the crime; it is a combination of the two.

Death must, by reason of our statute (Pen. Code, § 194) take place "within a year and a day after the stroke received or the cause of death administered" to constitute the crime of manslaughter. The death in the case at hand occurred within 20 days from the date the operation was performed.

*People* v. *Miller,* 12 Cal. 291, relied on by defendant, is not applicable. The question there was whether the indictment showed on its face that the offense for which the defendant was convicted was committed more than three years before the indictment was filed. The indictment was for murder, and

the defendant was convicted of manslaughter. There was no averment as to the time of death, which would be essential in an indictment for manslaughter, and the court properly reversed the judgment.

The order of the trial court granting the motion to set aside Count I of the indictment is reversed.

Traynor, C. J., Peters, J., Tobriner, J., Peek, J., Schauer, J.,* and Dooling, J.,* concurred.

Respondent's petition for a rehearing was denied January 20, 1965. Mosk, J., did not participate therein.

*Retired Associate Justice of the Supreme Court sitting under assignment by the Chairman of the Judicial Council.