[Crim. No. 14485.   Second Dist., Div. Five.   Jan. 28, 1969.]

THE PEOPLE, Plaintiff and Respondent, v. WILLIAM ROGER HARPER, Defendant and Appellant.

John J. Hunter, under appointment by the Court of Appeal, and Roberts, Hansen, Carmack & Brown for Defendant and Appellant.

Thomas C. Lynch, Attorney General, Elizabeth Miller and Robert F. Katz, Deputy Attorneys General, for Plaintiff and Respondent.

STEPHENS, Acting P. J.—By information, defendant was charged with a violation of section 459 of the Penal Code (burglary). Defendant pleaded not guilty, waived jury trial, and submitted the cause on the preliminary hearing transcript plus his testimony. The defendant was found not guilty of the charge of burglary, but guilty of "a lesser and necessarily included offense in Section 459 Penal Code," criminal trespass, in violation of section 602, subdivision (*l*) of the Penal Code.[1] Appeal is from the judgment.

We need not state the facts since reversal is required for error of law, the crime of criminal trespass. (§ 692, subd. (*l*), Pen. Code)[2] not being a lesser included offense[3] in a charge of violation of section 459 of the Penal Code.[4]

Criminal trespass requires the *occupation* of real property or structures, as well as the entry. To *occupy* means a non-transient, continuous type of possession. (*People* v. *Wilkinson* (App. Dept., Superior Court) 248 Cal.App.2d Supp. 906, 910 [56 Cal.Rptr. 261].) It needs no authority to convince us that a *burglar* has no intention except the most transient of trespasses. There is a further element in Penal Code section

[1]The finding of defendant guilty of a lesser included offense necessarily constitutes a finding of not guilty of the charged offense. (*In re Hess*, 45 Cal.2d 171, 176 [288 P.2d 5]; *People* v. *Harris*, 191 Cal.App.2d 754, 759 [12 Cal.Rptr. 916].)

[2]Penal Code section 602, subdivision (*l*): "Every person who willfully commits any trespass by either: . . . (*l*) Entering and occupying real property or structures of any kind without the consent of the owners, his agent, or the person in lawful possession thereof; . . . is guilty of a misdemeanor."

[3]A necessarily included offense is that which occurs when an offense cannot be committed without necessarily committing another offense. (*People* v. *Greer*, 30 Cal.2d 589 [184 P.2d 512].)

[4]Penal Code section 459: "Every person who enters any house, room, apartment, tenement, shop, warehouse, store, mill, barn, stable, outhouse or other building, tent, vessel, railroad car, trailer coach as defined by the Vehicle Code, vehicle as defined by said code when the doors of such vehicle are locked, aircraft as defined by the Harbors and Navigation Code, mine or any underground portion thereof, with intent to commit grand or petit larceny or any felony is guilty of burglary."

602, subdivision (*l*) which *cannot* be an element of Penal Code section 459, and that is that criminal trespass may be upon vacant property, while burglary is limited to the entry of a structure or other specified enclosure.[5]

The judgment is reversed.

Reppy, J., concurred.

AISO, J.—I concur in the judgment of reversal. Since this case involves a liquor store, the holdings in *People* v. *Lopez* (1967) 249 Cal.App.2d 93, 103 [57 Cal.Rptr. 441], and *People* v. *Mitchell* (1966) 239 Cal.App.2d 318, 328 [48 Cal.Rptr. 533], that a violation of section 602, subdivision (*l*), of the Penal Code is not a lesser and necessarily included offense to a burglary pleaded in statutory language (Pen. Code, § 459), constitute adequate authority to reverse the judgment of conviction. While aware of *People* v. *Wilkinson* (1967) 248 Cal. App.2d Supp. 906, 910 [56 Cal.Rptr. 261], I deem it unnecessary to decide in this case whether section 602, subdivision (*l*), applies to vacant lands. Numerous other subdivisions of section 602 are couched in language applicable to vacant lands. Both their applicability and interplay with subdivision (*l*) should be considered, if we are to resolve this question. It would appear appropriate to observe: (1) Finding defendant guilty of violating section 602, subdivision (*l*), even though that section is not a lesser and necessarily included offense, operated as an acquittal of the burglary charge. (*People* v. *Harris* (1961) 191 Cal.App.2d 754, 759 [12 Cal.Rptr. 916].) (2) No new midemeanor can be charged presently as the record shows a lapse of more than one year even from the date of the filing of the current information (Pen. Code, § 801), thereby disclosing a jurisdictional bar. (*People* v. *Rehman* (1964) 62 Cal.2d 135, 139 [41 Cal.Rptr. 457, 396 P.2d 913]; *People* v. *McGee* (1934) 1 Cal.2d 611, 613 [36 P.2d 378].) (3) Failure to charge other felonies or misdemeanors, if any, arising out of the same transaction in the currently filed information also bars the filing of such charges at this time. (Pen. Code, § 654; *Kellett* v. *Superior Court* (1966) 63 Cal.2d 822 [48 Cal.Rptr. 366, 409 P.2d 206].) Unless the prosecutor can present facts rendering these observations inapplicable, the information should be dismissed.

---

[5]Cf. *People* v. *Lopez*, 249 Cal.App.2d 93, 103 [57 Cal.Rptr. 441]; *People* v. *Mitchell*, 239 Cal.App.2d 318, 328 [48 Cal.Rptr. 533]; *People* v. *Brown*, 236 Cal.App.2d Supp. 915, 920 [47 Cal.Rptr. 662]; *People* v. *Harris*, 191 Cal.App.2d 754, 758 [12 Cal.Rptr. 916].