[Crim. No. 774.   Third Appellate District.—September 15, 1924.]

THE PEOPLE, Appellant, v. CHESTER BARNETT,
Respondent.

[1] CRIMINAL LAW—APPEAL BY PEOPLE—TIME—DISMISSAL.—An appeal by the people from an order striking out two counts of an information and from an order denying a motion to reconsider the former order, which appeal was announced in open court at the time of the denial of the motion to reconsider but about fourteen days after the making of the order striking out said two counts, will be dismissed as not having been made within the statutory time prescribed by section 1240 of the Penal Code, which provides that "An appeal may be taken by the people by announcing in open court at the time the order is made that the people appeal from the same."

(1) 17 **C. J.,** p. 95, sec. 3362.

MOTION to dismiss appeal from orders of the Superior Court of Yolo County relating to striking out certain counts of an information.   W. A. Anderson, Judge.   Motion granted.

The facts are stated in the opinion of the court.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Appellant.

G. C. McDonald for Respondent.

PLUMMER, J.—The defendant in this action was arrested upon three different complaints charging different offenses under the Wright Act, had three separate preliminary examinations, and was bound over for trial in the superior court upon the three several complaints and thereafter an information was filed by the district attorney charging three separate offenses in three separate counts. Upon being arraigned on the information just referred to on the seventh day of January, 1924, the defendant, through his counsel, moved the court to strike out two of the counts contained

1.   See 8 Cal. Jur. 517.

in said information, which motion was thereupon granted. Thereafter and on the eighth day of January, the district attorney moved the court to reconsider its order striking the two counts from the information and after argument this motion was taken under consideration until the twenty-first day of January, 1924, upon which date the court filed its opinion and directed the entry of an order denying the motion to reconsider. Thereupon the district attorney, in open court, announced his intention of appealing to this court from the order striking out the two counts referred to and apparently from the order refusing to reconsider its order theretofore made on the seventh day of January, 1924.

[1] Upon this state of the record the defendant moves this court for an order dismissing the appeal in said cause on the ground that it is taken too late. Section 1240 of the Penal Code reads as follows: "An appeal may be taken by the people by announcing in open court at the time the order is made that the people appeal from the same." This identical question was before this court in the case of *People* v. *Apple,* 57 Cal. App. 110 [206 Pac. 487]. In that case this court, speaking through Justice Hart, held that: "The limit of time fixed by the code within which an appeal may be taken is jurisdictional, and no jurisdiction is conferred on the court to hear and determine an appeal attempted to be taken after the expiration of the time fixed." The appeal in that case, not having been taken within the statutory time, the motion to dismiss the appeal was granted.

The transcript in this case, as certified to by the trial court and the county clerk, shows the date of the transactions just above stated and it necessarily follows that this court has no jurisdiction to inquire into or determine whether the action of the trial court in sustaining the motion of the defendant was or was not erroneous. It also follows that any construction which might be given in this case of section 954 of the Penal Code would be mere *obiter* and, though argued at some length by counsel, would not constitute a precedent in any subsequent action and, therefore, we express no opinion as to whether when three separate preliminary hearings have been had and a defendant bound over in each of said separate hearings, the district attorney may incorporate all of the three charges in one information.

The appeal in this action not having been taken within the statutory time, the motion to dismiss should be granted and it is so ordered.

Hart, J., and Finch, P. J., concurred.