[Crim. No. 137. Fourth Appellate District.—January 15, 1932.]

THE PEOPLE, Appellant, v. SHELL OIL COMPANY (a Corporation), Respondent.

U. S. Webb, Attorney-General, John D. Richer, Glenn M. DeVore, District Attorney, and Louis C. Levy, for Appellant.

Ray W. Hays for Respondent.

LAMBERT, J., *pro tem.*—This is a motion to dismiss an appeal from an order of the Superior Court of Fresno County sustaining a demurrer to, and entering a judgment of dismissal of, a criminal complaint which charged the Shell Oil Company, a corporation, with the crime of forgery.

The transcript shows that the order was made on November 14, 1931, and that at the time it was made no appeal was taken, but that on November 18, 1931, or four days thereafter, a written notice of appeal was filed. The grounds of the motion are that the appeal was not taken within the time allowed by law and that the appellate court has no jurisdiction of the appeal.

Section 1240 of the Penal Code, which governs this sort of an appeal, is as follows:

"Appeal by the People. An appeal may be taken by the people by announcing in open court at the time the order is made that the people appeal from the same."

This section is exceedingly plain and requires no interpretation by this court. It would be hard to imagine a clearer statement of the law. Naturally it has been before the courts but very few times. A quotation from the case of *People* v. *Barnett,* 68 Cal. App. 632, at 635 [230 Pac. 22, 23], which is in all respects similar to the instant case, is sufficient. There it is said:

"Upon this state of the record the defendant moves this court for an order dismissing the appeal in said cause on the ground that it is taken too late. Section 1240 of the Penal Code reads as follows: 'An appeal may be taken by the people by announcing in open court at the time the order is made that the people appeal from the same.' This identical question was before this court in the case of *People* v. *Apple,* 57 Cal. App. 110 [206 Pac. 487]. In that case this court, speaking through Justice Hart, held that: 'The limit of time fixed by the code within which an appeal may be taken is jurisdictional, and no jurisdiction is conferred on

the court to hear and determine an appeal attempted to be taken after the expiration of the time fixed.' ''

Section 2 of rule V, adopted by the Judicial Council of the state of California, governing the practice in the Appellate and Supreme Courts, provides:

''Sec. 2. If an appeal is attempted to be taken after the time limited by law, such purported appeal may be dismissed on motion of respondent, supported by certificate or affidavits, or both, as provided in Rule VI, or by the court without such motion.''

Counsel for appellant stresses in his oral argument the proposition that a court should not dismiss an appeal upon what he calls technical grounds. There is certainly nothing technical in the grounds upon which we are asked to dismiss this appeal. We are not governed in this case by what counsel for appellant intended to do, but by what he did in fact do. It is necessary for the orderly administration of justice that certain time limits be fixed within which certain acts may be done and the court is bound by the legislative enactments. Under rule V heretofore quoted it would be our duty to dismiss this appeal of our own motion.

The motion is granted and the appeal dismissed.

Barnard, P. J., and Marks, J., concurred.

A petition for a rehearing of this cause was denied by the District Court of Appeal on January 29, 1932, and an application by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on February 11, 1932.