[Crim. No. 65. Fourth Appellate District.—March 22, 1932.]

## THE PEOPLE, Appellant, v. VALENTINE J. SERRANO, Respondent.

U. S. Webb, Attorney-General, and John L. Flynn, Deputy Attorney-General, for Appellant.

Joseph Seymour for Respondent.

THOMSON, J., *pro tem.*—This is a motion to dismiss an appeal by the People from an order of the Superior Court of Riverside County setting aside an information which charged the defendant and respondent with the crime of escape from jail. The motion is made on the ground that the appeal was not taken at the time or in the manner provided for in the Penal Code of California.

The transcript shows the following facts: On Saturday, August 29, 1931, the chief of police of the city of Corona

was requested by one Holbrook to arrest respondent because he had given him a bad check. The chief of police, with a city traffic officer and Holbrook, went to respondent's home where Holbrook identified him, and then the officers took respondent to the home of one Enos, who also identified respondent as one who had passed bad checks. Whereupon the officers placed respondent under arrest and then took him to the city jail, where he was booked on a charge of "suspicion of forgery" and placed in jail at about 4:30 o'clock in the afternoon. The respondent remained in jail Saturday night and Sunday and was last seen there Sunday, August 30th, at about 5:30 in the afternoon. On Monday morning he was not there. No complaint was filed against respondent until Monday morning, August 31st, after his escape.

In the superior court the respondent moved to set aside and quash the information on five grounds, the substance of which is as follows: (1) That the transcript of the preliminary examination did not support the allegations of the complaint filed in the justice's court; (2) that the testimony taken at the preliminary examination does not support the charges set forth in the information; (3) that there was no testimony at the preliminary examination showing that defendant was charged with a felony at the time of the escape; (4) that the trial court does not have jurisdiction of either defendant or the cause of action; and (5) that the justice's court was without jurisdiction to commit the respondent to the superior court for trial.

The record discloses that, at the conclusion of the argument on respondent's motion to set aside the information, a discussion was had by the court, Mr. French, deputy district attorney, and Mr. Seymour, counsel for respondent, after which the following proceedings were had: "The Court: I think in this case that there is no reason why they did not file a complaint. The testimony shows Mr. Holbrook said he gave him a 'bum check' and wanted us to pick him up, so we went down and brought him up on suspicion. Mr. Holbrook said he was the man, when we went down to his home, and so we picked him up and brought him up to the city jail and booked him at 4:30 in the afternoon. I will grant the motion. Mr. French: If the motion is granted on the ground that the sufficiency of

the preliminary examination could be tested on a motion of this kind, the People give notice of appeal at this time, because we would like to have that decided. The Court: All right. Let the record so show, Mr. Reporter. I think it would be well to iron out that point. Mr. French: It will probably come up again. Mr. Seymour: I appreciate Mr. French's position, and I want to know also. May I ask that the ruling of the Court be that the defendant be ordered released? That is a perfectly safe order to make, in view of the fact that there are three other charges upon which he has been referred in the lower court. The Court: Yes, I think so, in this matter, because, frankly, under the testimony, I do not believe he has been legally committed." The transcripts on appeal were prepared and filed in this court and appellant's opening brief was filed herein. Some time later respondent filed this motion to dismiss this appeal.

It is very evident from the language used in the superior court at the conclusion of the argument on the motion to set aside the information, as set forth above, that all parties present understood that appellant was in good faith endeavoring to take an appeal on behalf of the People and to comply with the statutory requirement therefor. Section 1240 of the Penal Code of California reads as follows: "An appeal may be taken by the people by announcing in open court at the time the order is made that the people appeal from the same." If there was any doubt about the meaning of the language of the deputy district attorney, that doubt was immediately removed by the order of the court, which discloses that the court wanted the record to show that the court's grounds for setting aside the information included the ground which induced the appeal. The remark of counsel for respondent immediately thereafter showed that he understood that an appeal had been taken by the People and he acquiesced therein. Having consented to the appeal, he should not now be trying to prevent a hearing by the appellate court on the merits.

Respondent cites in support of his motion to dismiss the appeal the case of *People* v. *Shell Oil Co.*, 119 Cal. App. 666 [8 Pac. (2d) 180], and the two cases therein cited. These authorities are not in point for the reason that in each of them the facts recited show that no notice or announcement

of appeal whatever was given at the time the order was made, but an attempt to take an appeal was made at a later date. In the instant case, however, the announcement was made in open court at the time the order of the court was made.

We are of the opinion that, taking into consideration the context and the surrounding circumstances of this case, the language of the deputy district attorney in announcing the appeal by the People was sufficient to effect a substantial compliance with the requirements of section 1240 of the Penal Code of California.

The motion is denied.

Barnard, P. J., and Marks, J., concurred.