[Crim. No. 337. Fourth Appellate District.—December 18, 1936.]

THE PEOPLE, Respondent, v. HARRY MOORE, Appellant.

P. E. Bingman for Appellant.

U. S. Webb, Attorney-General, John O. Palstine, Deputy Attorney-General, and Harry P. Amstutz, Deputy District Attorney, for Respondent.

JENNINGS, J.—The defendant was accused by information with the crime of grand theft. Upon arraignment he entered a plea of guilty to the charge, waived the statutory time for pronouncement of judgment and was thereupon sentenced to be confined in the state prison. Immediately thereafter, he was taken to said institution and there incarcerated. More than a month after judgment had been pronounced and after the time for perfecting an appeal from the judgment had expired, the defendant through his counsel moved the court to vacate and set aside the judgment and made application for the issuance of a writ of *coram nobis*. In his petition therefor he alleged that the plea whereby he admitted that he was guilty of the offense was induced by fraud and duress and asked that he be permitted to withdraw the plea

and to substitute therefor a plea of not guilty and that the case be set for trial. Affidavits in support of the application were filed by defendant and counteraffidavits in opposition thereto were submitted by the district attorney. The matter came on for hearing before the court and an order was duly entered denying the application on September 23, 1936. The record fails to show that defendant gave oral notice of appeal at this time. On September 26, 1936, defendant gave written notice of appeal from the above-mentioned order.

Respondent moves to dismiss the appeal on the ground that it was not taken within the time or in the manner or at the place prescribed by law therefor.

It is our conclusion that the motion for dismissal of the appeal must be granted. The order from which the appeal has been taken is clearly one made after judgment (*People* v. *Perez*, 9 Cal. App. 265 [98 Pac. 870], and the time, place, and mode of appealing therefrom are prescribed by section 1239 of the Penal Code. This statute provides that an appeal may be taken by a defendant ''from any order made after judgment, by announcing in open court at the time the same is made that he appeals from the same''. This language is precisely similar to that which occurs in section 1240 of the same code, wherein it is provided that ''an appeal may be taken by the people by announcing in open court at the time the order is made that the people appeal from the same''. In *People* v. *Shell Oil Co.*, 119 Cal. App. 666 [8 Pac. (2d) 180], the people had appealed from an order of the superior court sustaining a demurrer to, and entering a judgment of dismissal of, a criminal complaint which charged the defendant with the crime of forgery. No notice of appeal was given at the time the order was made but four days thereafter a written notice was filed. In granting respondent's motion to dismiss the appeal on the ground that it was not taken within the time required by law it was remarked that the language of section 1240 of the Penal Code is exceedingly plain and requires no interpretation by this court. This observation applies with equal effect to the language of section 1239 of the Penal Code which clearly announces the time when, the place where and the manner whereby a defendant in a criminal action may appeal from an order made after judgment. ''The requirements as to the time for filing notices of appeal are mandatory and jurisdictional in both

civil and criminal actions . . . Where through inadvertence or mistake of a party or his attorney notice is not filed within the time limited by law, neither the trial court nor appellate court can afford relief thereafter by permitting filing of a tardy notice.'' (*People* v. *Lewis,* 219 Cal. 410 [27 Pac. (2d) 73].) To the same effect are the following decisions: *Frey* v. *Superior Court,* 5 Cal. App. (2d) 534 [43 Pac. (2d) 342]; *People* v. *Wilson,* 7 Cal. App. (2d) 543 [46 Pac. (2d) 229]. It follows that respondent's motion for dismissal of this appeal is proper and should be granted.

The motion is accordingly granted and the appeal is dismissed.

Barnard, P. J., and Marks, J., concurred.