[Crim. No. 1555.   Third Appellate District.—June 16, 1937.]

THE PEOPLE, Respondent, v. RAY LANHAM, Appellant.

Ray Lanham, *in pro. per.*, for Appellant.

U. S. Webb, Attorney-General, and Wilmer W. Morse, Deputy Attorney-General, for Respondent.

THOMPSON, J.—The defendant has attempted to appeal from an order denying his motion to vacate a judgment of conviction of the crime of attempt to commit rape and violation of the provisions of section 288 of the Penal Code. On appeal the judgment of conviction which was rendered September 6, 1933, was affirmed. (*People* v. *Lanham*, 137 Cal. App. 737 [31 Pac. (2d) 410].) Three years after the judgment of conviction was rendered the defendant filed and presented to the trial court a motion to set the judgment aside on the ground that the court was without jurisdiction to pronounce judgment for the reason that the jury which tried the cause failed to determine in its verdict whether the defendant was to be punished by imprisonment in the state prison or in the county jail pursuant to the requirement of section 264 of the Penal Code. That motion to vacate the judgment was heard and denied by the court on October 19, 1936. A purported written notice of appeal from that order was subsequently filed by the defendant, although the record does not show when it was filed.

The record on appeal in this case does not contain a copy of the information, the verdict of the jury or the judgment of conviction. It merely contains a copy of the written motion to vacate the judgment, the minute order denying that motion and the purported notice of appeal.

The record on appeal fails to conform to the requirements of rule II, section 2, applying to appeals in criminal cases, of the Rules for the Supreme Court and District Courts of Appeal. The appeal is defective and ineffectual. (*People* v. *Calkins*, 8 Cal. App. (2d) 251 [47 Pac. (2d) 544]; *People* v. *Ramirez*, 139 Cal. App. 380 [33 Pac. (2d) 848].)

It is true that an appeal lies under section 1239 of the Penal Code from an order refusing to vacate the judgment. (*People* v. *Schwarz*, 201 Cal. 309 [257 Pac. 71].) But the only method provided by statute for taking an appeal from an order made after judgment is *"by announcing in*

*open court at the time the same is made that he appeals from the same"*. (Sec. 1239, Pen. Code.) The minute order of the court which was entered at the time the court denied the defendant's motion to vacate the judgment is silent regarding the notice of appeal. Section 1241 of the Penal Code makes it the duty of the clerk to enter in the minutes of the court the defendant's oral announcement of his notice of appeal. We must assume no such notice was given. The statute provides for no other method of giving a notice of appeal from an order rendered after judgment. It follows that the purported written notice of appeal which was subsequently filed at some undisclosed date is ineffectual as a notice of appeal. (*People* v. *Moore*, 18 Cal. App. (2d) 224 [63 Pac. (2d) 835].)

Moreover, since the information, the verdict and the judgment are not before us we are unable to authentically determine the character of the crimes of which the defendant was convicted, whether the verdict did in fact recommend punishment in the state prison or the county jail as suggested by section 264 of the Penal Code, or whether the nature of the crime of rape, of which he was convicted, required the jury to so determine the place of his imprisonment. Section 264, *supra,* does not require the jury to recommend in its verdict whether imprisonment shall be in the state prison or in the county jail, *"except where the offense is under subdivision one"* of section 261 of the Penal Code, which is "where the female is under the age of eighteen years". In the absence of a record on appeal showing that the defendant was charged and convicted of an attempt to commit rape under the first subdivision of section 261, we must assume, in support of the judgment, that he was charged and convicted under one of the other subdivisions of that section, which do not require the jury to recommend the place of imprisonment, or we may presume that the verdict did in fact so recommend imprisonment in either the state prison or the county jail.

According to the allegations of the defendant's motion to set aside the judgment, and from his brief on appeal, we are informed he was not convicted of rape under section 261 of the Penal Code, and therefore the requirement of section 264 of that code to the effect that the jury shall recommend the place of imprisonment has no application to this case under any circumstances. The last-mentioned sec-

tion refers only to punishment for rape. It has no application to the offense of an *attempt* to commit that offense. The punishment for an attempt to commit rape, or of an attempt to commit any other crime, is provided for by section 664 of the Penal Code, which gives the jury no option to determine whether the defendant shall be imprisoned in the state prison or in the county jail. ■ But assuming, without so deciding, that sections 264 and 664 should be construed together in fixing the term of imprisonment for an attempt to commit rape under the first subdivision of section 261, which would require the jury to recommend the place of imprisonment so as to ascertain the penalty under such circumstances, there is another reason why the judgment is not invalid.

It appears by reference to the opinion rendered on appeal from the judgment in this case, which is found in 137 Cal. App., at page 737, that the defendant was charged in a separate count of the information and also convicted of the crime defined in section 288 of the Penal Code. The penalty for that offense is "imprisonment in the state prison for not less than one year". There is no option, either on the part of the jury or the court to sentence a person convicted of that offense to a county jail. We may therefore assume that the defendant was properly sentenced to imprisonment in the state prison for an indeterminate term as provided by section 1168 of the Penal Code.

The order denying the motion to vacate the judgment is affirmed.

Plummer, J., and Pullen, P. J., concurred.