Filed 7/24/13  In re Marlon C. CA2/4

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| In re MARLON C.,<br><br>a Person Coming Under the Juvenile Court Law. | B243373<br>(Los Angeles County<br> Super. Ct. No. PJ47433) |
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>MARLON C.,<br><br>    Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Benjamin Campos, Commissioner.  Affirmed in part, reversed in part.

Courtney M. Selan, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Stacy S. Schwartz and Michael C. Keller, Deputy Attorneys General, for Plaintiff and Respondent.

Marlon C. appeals from an order of wardship pursuant to Welfare and Institutions Code section 602 following the juvenile court's finding that he committed the offenses of resisting, delaying or obstructing a police officer (Pen. Code, § 148, subd. (a)(1)) and trespass (Pen. Code, § 602, subd. (m)).[1] He was placed home on probation, and the maximum period of confinement was determined to be 1 year 2 months. We reverse the finding that appellant committed the crime of trespass and strike the maximum period of confinement but otherwise affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

Rochelle Handy is the owner and property manager of an apartment building on Willis Avenue in Los Angeles County. Handy has a form from the Los Angeles Police Department (LAPD) authorizing her to arrest trespassers at her building. Her maintenance department posted "no trespassing" signs at her building that were recommended by the police department. (See L.A. Mun. Code, § 41.24.)

LAPD Officer Alex De La Torre is assigned to a special detail called the safer cities initiative, which addresses gang activity in the area around the Willis Avenue building. Officer De La Torre testified that authorization to arrest signs posted on apartment buildings in the neighborhood are designed to prevent gang members from loitering in the area.

On May 10, 2011, around 4:50 p.m., Officer De La Torre and his partner, Officer Lemus, responded to a request from a gang unit for backup at the Willis Avenue building. When they arrived, a man told the officers there was a juvenile wearing a blue hat in the courtyard who did not live in the building. The man further said that the juvenile had been with two other juveniles who had run from

---

[1]     All further statutory references are to the Penal Code unless otherwise specified.

gang unit officers. Officer De La Torre noted that there were "no trespassing" signs posted in the building pursuant to Los Angeles Municipal Code section 41.24.

Officer De La Torre saw appellant inside the courtyard of the building. Appellant turned around and looked in the officers' direction. He was wearing a blue hat with a "B" on it. Officer De La Torre told appellant to stop, but appellant turned around and ran out the entrance door to the building. Officer De La Torre chased him and saw him run into another building and then into an alley.

Officer Jose Torres received a report that appellant was one of the suspects who had run from officers and was hiding in the Willis Avenue building. He was told that the suspect was a male Hispanic wearing a blue baseball hat. He saw appellant running into the alley, so Officer Torres followed him in his car.

When Officer Torres caught up to appellant, he saw appellant trying to open the rear door of a building. Officer Torres drew his weapon and told appellant to get on the ground. Officer Lemus arrived, put his knee on appellant's back, and tried to handcuff appellant, but appellant jerked his hand away. Officer Lemus yelled at appellant to stop resisting and then handcuffed him.

A petition was filed under Welfare and Institutions Code section 602, alleging that appellant, who was 16 years old at the time, committed the misdemeanors of resisting, delaying or obstructing a peace officer in violation of section 148, subdivision (a)(1), and trespass in violation of section 602, subdivision (m). The juvenile court held an adjudication hearing and found the allegations of the petition to be true. The juvenile court sustained the petition and declared appellant a ward of the court under Welfare and Institutions Code section 602. The court placed appellant home on probation, imposed various conditions of probation, and determined the maximum term of confinement to be 1 year 2 months. Appellant filed a timely notice of appeal.

3

**DISCUSSION**

Appellant raises three contentions on appeal. First, he contends that his detention violated the Fourth Amendment because Officer De La Torre lacked reasonable suspicion to detain him in the courtyard of the apartment building. Second, he contends that there was insufficient evidence to support the court's findings that he committed the offenses of trespass and resisting an officer. Finally, he contends that the court erred in imposing a maximum term of confinement because he was placed home on probation.

I.      *Reasonable Suspicion to Detain Appellant in Courtyard*

Appellant contends that there was insufficient evidence to support the finding of reasonable suspicion to detain him in the courtyard of the Willis Avenue building. We disagree, because appellant was not detained in the courtyard.

"The Fourth Amendment to the United States Constitution prohibits seizures of persons, including brief investigative stops, when they are 'unreasonable.' [Citations.] Our state Constitution has a similar provision. (Cal. Const., art. I, § 13.) A seizure occurs whenever a police officer 'by means of physical force or show of authority' restrains the liberty of a person to walk away. [Citation.]" (*People v. Souza* (1994) 9 Cal.4th 224, 229 (*Souza*).) "A police officer may make a seizure by a show of authority and without the use of physical force, but there is no seizure without actual submission; otherwise, there is at most an attempted seizure, so far as the Fourth Amendment is concerned. [Citations.]" (*Brendlin v. California* (2007) 551 U.S. 249, 254 (*Brendlin*).)

Appellant contends that he was detained when Officer De La Torre saw him in the courtyard of the apartment building and ordered him to stop. However, appellant did not submit to Officer De La Torre's command and instead ran away.

4

Appellant therefore was not "seized" within the meaning of the Fourth Amendment. (*Brendlin*, *supra*, 551 U.S. at p. 254; *California v. Hodari D.* (1991) 499 U.S. 621, 628-629 [seizure requires either application of physical force or submission to assertion of authority].)

II.     *Sufficiency of the Evidence to Sustain Findings*

Appellant challenges the sufficiency of the evidence to sustain the court's findings that the allegations in the petition were true. We agree that the evidence is not sufficient to sustain the finding that he committed trespass, but we conclude there is sufficient evidence to sustain the finding that he resisted an officer.

The standard of review of an insufficiency of the evidence claim is the same in juvenile cases as in adult criminal cases: "we review the whole record in the light most favorable to the judgment to decide whether substantial evidence supports the conviction, so that a reasonable fact finder could find guilt beyond a reasonable doubt. [Citations.]" (*In re Matthew A.* (2008) 165 Cal.App.4th 537, 540.) "'We must presume in support of the judgment the existence of every fact the trier of fact could reasonably deduce from the evidence . . . and we must make all reasonable inferences that support the finding of the juvenile court. [Citation.]' [Citations.]" (*In re Babak S.* (1993) 18 Cal.App.4th 1077, 1089.)

A.     *Trespass (§ 602, subd. (m))*

Appellant contends, and respondent concedes that the evidence is insufficient to support the court's finding that he committed the crime of trespass. Section 602, subdivision (m) prohibits "[e]ntering and occupying real property or structures of any kind without the consent of the owner, the owner's agent, or the person in lawful possession."

A violation of this subdivision requires "occupation of the property, a 'nontransient, continuous type of possession.' [Citation.]" (*In re Catalano* (1981) 29 Cal.3d 1, 10, fn. 8; *People v. Harper* (1969) 269 Cal.App.2d 221, 223.) "[T]ransient and insubstantial use" of property is not sufficient. (*People v. Wilkinson* (1967) 248 Cal.App.2d Supp. 906, 911.)

There is no evidence here that appellant's entry into the apartment building was anything other than transient. Instead, the evidence indicated that appellant ran into the building to evade gang unit officers and then ran out of the building when he saw Officer De La Torre. The evidence is insufficient to show a nontransient, continuous possession of the property. We therefore reverse the finding that appellant committed the crime of trespass pursuant to section 602, subdivision (m).

B.      *Resisting, Delaying or Obstructing an Officer (§ 148, subd. (a)(1))*

Appellant argues that the evidence is insufficient to support the finding that he committed the offense of resisting an officer because the underlying arrest for trespass was unwarranted. We disagree.

Appellant relies on *People v. Moreno* (1973) 32 Cal.App.3d Supp.1 (*Moreno*), to support his argument. In that case, the defendant was charged under section 148, but the jury was given an instruction related to section 834a, which prohibits resistance to *arrest*. In contrast to section 834a, section 148, subdivision (a)(1) prohibits resisting, delaying or obstructing any public officer "in the discharge or attempt to discharge *any duty* of his or her office or employment . . . ." (Italics added.) The jury in *Moreno* was "instructed in one breath that resistance to an unlawful arrest is not a violation of Penal Code section 148 and in the next breath that a defendant has no right to '*resist*' any arrest, lawful or unlawful . . . ." (*Moreno*, *supra*, 32 Cal.App.3d Supp. at p. 10.) The court reversed the conviction,

6

warning that it was "error to give an instruction based on Penal Code section 834a when the only charge is Penal Code section 148." (*Id.* at p. 11.)

The petition alleged that appellant violated section 148, subdivision (a)(1). "The crime of deterring, preventing, or resisting an officer by force and violence requires that the officer be engaged in the lawful performance of his duties. Here it was necessary to prove that [the officers] had legal cause, i.e., a reasonable suspicion to detain appellant. [Citations.]" (*People v. Rodriguez* (2012) 207 Cal.App.4th 1540, 1543 (*Rodriguez*).)

"A detention is lawful 'when the detaining officer can point to specific articulable facts that, considered in light of the totality of the circumstances, provide some objective manifestation that the person detained may be involved in criminal activity.' [Citation.]" (*People v. Mayfield* (1997) 14 Cal.4th 668, 791.) "[T]he evidence relied on by police officers to justify the seizure of a person 'must be seen and weighed not in terms of library analysis by scholars, but as understood by those versed in the field of law enforcement.' [Citation.]" (*Souza*, *supra*, 9 Cal.4th at p. 240.) We conclude that there were numerous circumstances here that support the finding that the officers had reasonable suspicion to detain appellant.

Officer De La Torre and his partner arrived at the Willis Avenue building in response to a request for backup from gang unit officers. Officer De La Torre knew that this was an area with gang activity and that gang members loitered in the area, engaging in narcotics and other activities. He also knew that area residents had been complaining about gang members loitering in their apartment buildings. "An area's reputation for criminal activity is an appropriate consideration in assessing whether an investigative detention is reasonable under the Fourth Amendment. [Citations.]" (*Souza*, *supra*, 9 Cal.4th at pp. 240-241.)

When Officer De La Torre entered the building, he saw "no trespassing" signs, which were aimed to prevent loitering by gang members. When they

7

arrived, a man told them there was a juvenile wearing a blue hat who did not live in the building and had been with two other juveniles who ran from the police. A different person gave Officer Lemus the same information.

Appellant contends that the information from the unknown people at the apartment building did not contain "'sufficient indicia of reliability'" to support a finding of reasonable suspicion. (*Florida v. J.L.* (2000) 529 U.S. 266, 270.) However, the information was immediately corroborated when Officer De La Torre saw appellant, who matched the description of a juvenile wearing a blue hat. In addition, the unknown informants' information merely corroborated the request for backup from gang unit officers that brought Officer De La Torre and his partner to the apartment building in the first place.

Appellant turned and looked at Officer De La Torre, who told him to stop. He did this so that the officers could investigate the report of trespassing. Instead of stopping, appellant fled, and he continued to evade officers by running into an alley and attempting to enter another building.

"'[F]light from police is a proper consideration – and indeed can be a key factor – in determining whether in a particular case the police have sufficient cause to detain.' [Citation.] The determination of reasonable suspicion is based on commonsense judgments and inferences about human behavior. (*Illinois v. Wardlow* (2000) 528 U.S. 119, 125.) 'Headlong flight – wherever it occurs – is the consummate act of evasion: It is not necessarily indicative of wrongdoing, but it is certainly suggestive of such.' [Citation.]" (*Rodriguez, supra*, 207 Cal.App.4th at p. 1544.)

In light of the request from gang unit officers for backup at the apartment building, the information from the people at the apartment building, appellant's matching the description of the person who fled gang unit officers, and in particular, his flight and continued resistance after Officer De La Torre told him to

8

stop, we conclude that the totality of the circumstances provided objective evidence that appellant may have been involved in criminal activity. The officers accordingly had reasonable suspicion to detain appellant and were engaged in the lawful performance of their duties when appellant resisted their attempts to detain him.

The evidence is sufficient to support the court's finding that appellant committed the offense of resisting, delaying or obstructing an officer pursuant to section 148, subdivision (a)(1).

III. *Maximum Term of Confinement*

Appellant contends that the court erred in imposing a maximum term of confinement because he was not ordered into custody but placed home on probation. We agree.

Welfare and Institutions Code section 726, subdivision (d) provides that "[i]f the minor is removed from the physical custody of his or her parent or guardian as the result of an order of wardship made pursuant to [Welf. & Inst. Code] Section 602, the order shall specify that the minor may not be held in physical confinement for a period in excess of the maximum term of imprisonment which could be imposed upon an adult convicted of the offense or offenses which brought or continued the minor under the jurisdiction of the juvenile court." Welfare and Institutions Code section 726, subdivision (d) applies only if a minor is removed from the physical custody of his or her parent or guardian. Where, as here, a minor is placed home on probation and not removed from his parents' custody, the juvenile court lacks the authority to set the maximum period of confinement. (*In re Matthew A., supra,* 165 Cal.App.4th at p. 541.)

9

## DISPOSITION

The true finding on the allegation that appellant committed trespass in violation of section 602, subdivision (m), is reversed. The maximum term of confinement is stricken. In all other respects, the order of wardship is affirmed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

WILLHITE, J.

We concur:

EPSTEIN, P. J.

SUZUKAWA, J.